Next case, Simon v. Government of the Virgin Islands. Morning, may it please the court, Daniel Lader on behalf of Helen Carl Simon. I'd like to reserve six minutes for rebuttal please. Okay. So your honor is this case presents an interesting and somewhat rare and fading question of law and I say fading because it only applies to a limited time period that at some point in the most likely near future there'll be no more similar similarly situated individuals to whom this would apply. However, for the appellant is a very important question of law for this court to decide. The question is whether in the relic system of appellate review, which is why we're here today, even though litigation started the then territorial court. Whether the federal statutes for appointed counsel apply when passing through the district court as well as this work, and I submit that it must, and it is not interchangeable even if there is an appointment potential in the territorial court. Yes, I would agree that it needs to and that it does fit the cone factors, and that's simply a facet of the nature of this claim what I've just just went through that. Was there was the remand in this case, a record remand or a case remand. I believe it was a record remand. Okay, that this court ordered. And if it's a, if it's a record remand. That means that there's something further for the appellate court to do later. Right. Correct. Okay. And if, if that's true. Well, let me just shift gears, you made a mootness argument. Right. Sarah, is there some kind of a, an argument that the denial of counsel is unreviewable because it may become moot. If the Superior Court appoints counsel. Yes, it will be in that argument. My, my interpretation of how that would play out would be this. If, if, if this question of law wasn't resolved here in the Superior Court appointed counsel and petitioner whether or not was successful on habeas and obtaining a new trial. The issue would be only whether he had ineffective assistance of counsel because he was appointed counsel's therefore. Right. So, the, the federally appointed counsel. What's the harm in that. I mean, I guess. Well, it seems like you're asking what the practicalities are and, and that's the legal question. It seems like the legal thing you're saying is that you should have been appointed counsel. I think I just want to finish the judge Jordan is asking, Hey, what, what happens if you are appointed counsel, what is the live legal question that you're still claiming needs to be reviewed by this court. Yes, your honor. I believe that's the interaction between the legal question and the practicalities. So, on the legal side appointment under the federal statutes is not the same as appointment under local law. And the practical realities of those differences means that the funding of the litigation, and this is aside from simply paying the attorney paying the attorneys rates, even if the, if the Virgin Islands would has a policy of cutting the time in half and paying the hourly rate based on a reduced amount of hours. This is about more than that's about funding the needs of the litigation to uphold the petitioners constitutional and statutory rights. So it's so just to be perfectly clear. It's not deprivation of counsel you're arguing. It's deprivation of some, some right to have a different funding source of more complete funding source for overall defense. That's the, that's the argument that's either way. I mean, I don't know if I'm saying the gentleman's name right but Judge Francois, I hope I'm saying it right. It said, I'll appoint you, I'll put a put you in, and that that's been rejected so it can't be the right to counsel that's at issue, can it. It could be because the Superior Court already in already expressly said that they would appoint. In this case, it wouldn't boil down to that but it could be in the sense that the rules governing 2254 and 2255 required appointment, when an evidentiary hearing is required, and that's not necessarily the same under VI law so there could be a differing. Divergence between the right to appoint a counsel in some cases, but as you pointed out that hasn't occurred here, but my point is that federal appointment federally appointed counsel and VI appointed counsel are not necessarily their distinction with a difference. In the sense that the federal court, if appointed under these federal statutes as we argue should occur, will be making decisions of whether expenditures for, for instance, off island deposition. That would have to go through the uniform deposition of Discovery Act are warranted, it would make funding decisions that directly affects petitioners. I'm not suggesting that those things wouldn't have some real world significance but does that impact the collateral order doctrine here I mean would you would you agree that it's a, it's a speaking of distinctions with the difference it's a big difference to say I'm being deprived of the right of counsel. And the end and saying, I'm being, I'm being deprived of the right to have counsel pointed by somebody who will pay better. Those are two awfully big. A real gap between those two arguments right. Yes, well I would. I think, yeah, I agree, there's a pretty big gap between those two so does that gap affect the collateral order analysis in any way, because it's got to be a really important question. And so help me with that. I believe it does I believe the question is whether you have the right, or at least the right to consideration of federally appointed counsel under the CJ or 28 USC section 1915. That's it. I believe that is an important question of law, compared to the potential future right after subsequent remand to have counsel appointed under local Virgin Islands law. That's a question of law that, because of the case wasn't stayed we already have the answers to what was agreed is an important question. Right. And let's, let's assume we agree to that it's separate from the main issue. You still need to show that it's effectively unreviewable. So, suppose, the VI court appoints counsel, and that appointed counsel wants to take steps in the litigation that the court feels cannot be done pursuant to the cost structure and counsel's proposing in other words they won't pay as well as counsel wants to take the steps. Isn't, isn't that a potential deprivation that would then be subject to challenge in the courts and ultimately reviewed by the court in other words why wouldn't that funding gap issue that you're raising be present in the territorial courts superior courts, so that it remains effectively review. I believe that's because of section 1613 D, which continues this line of appellate review, it won't go from the Superior Court to the Virgin Islands Supreme Court, it will go back to the district court appellate level, and then this court, but if that's how it happens. Please, if that's how it happens. Then it's not effectively unreviewable right because you're in the federal system. At that point, you're on appeal to the appellate division, and our Smith Bay case says, that's the kind of thing that can be reviewed later. No. Your honor, it is a complicated issue that I believe would be subject to arguments from both sides. If it were hypothetically to go there, I would say that if the Superior Court appointed counsel, and went all the way through habeas, whether successful or not, and whether a new trial or not, and went on that progress through that appeal, the argument will be made that the petitioner appellant accepted counsel from the Superior Court, and waived the appeal. Waived the right to counsel in the federal statutes, and the question of law would never get answered. I don't know, I'm not sure why you think it would never get answered because I think I think I've heard your argument right and your argument is, this is going to come back up in front of the appellate division. And if that's the track it takes and you're right, there's a shelf life on this right this is not the sort of thing that's likely to happen again. But if it comes back in front of the appellate division, and you're arguing in front of the appellate division. I guess I'm just curious why Smith Bay doesn't apply and we're right where Judge maybe said we are. I view it as an endless cycle. I think the same thing would happen, I think the issue of appointment here now would be off the table, and the appellant would have to move for appointing counsel again at the district court level, but it would be a new question at that time rather than resolving the issue here today. Okay. Judge Roth, anything from you ma'am?  Okay, well we'll have to back on rebuttal. Mr later and we'll ask Mr. Thank you. Good morning. Good morning, your honors. The court has honed in on the real issues here in this case and that is counsel's desire to have the federal government pay their fees rather than the territorial government. And while it's true that under the CJA panel, they are paid more probably paid more regularly than under the territorial court. This appeal hearing today has really has nothing to do with Mr. Simon's right to an attorney, because as the court has pointed out, Judge Francois has offered to appoint Attorney DeRusso to be counsel, which he has issued. The second thing I want to point out is that I believe this is a case remand and not a record remand. You think it's a case remand? Yes, your honor, because the original case this court held that the superior court denied the habeas petition without an evidentiary hearing. When this case was remanded finally in 2019, I don't believe I saw anything about retaining specifically retaining jurisdiction. Well, there were this went back for two reasons, right? A Brady claim and a conflict of interest claim. That's right. In both those instances, isn't the practical effect of what the panel said? Look, there's not enough of a record here. We can't decide this. There's got to be more fact finding. Right. Isn't that kind of the definition of a record remand? Take it back like make more of a record in that way. And then it can be reviewed because now it's not enough to be reviewed. Why isn't that straight up a record remand? The court could find that if you're going to review it based upon that. Okay. If it is a record remand, then we've got appellate jurisdiction. And then the question becomes the one we were pressing on Mr. Later, correct? Which is if this comes back up and it comes back up to the appellate division. Right. Then we're in a we're in a situation where you don't have finality because it's it can be reviewed at the end, or at least that's what Smith Bay seems to say. From your perspective, I thought you kind of like that outcome. But if you're saying it's a case remand, we don't get there. So I'm a little curious why you're fighting that. But if we've got appellate jurisdiction at the end of the day, do you win anyway or not? Well, yeah, we do. But the district court found that this is a local matter to be handled under in the local courts. And just following beyond that, that is a matter of who should pay. If you have a local habeas, not a 2254, right, based on local law, it's going to be tried or a hearing will be heard in a local court. Then then the federal statutes would be 1915 or 3006A with respect to appointed counsel don't apply. And so that the issue of appointing counsel, the court did not abuse discretion by just referring this to the superior court in which when that happened, the superior court readily said, yeah, we will appoint counsel to this case. Well, do you know why? Let me ask you this. What do you think will be the root of this case following the evidentiary here? Is is your opposing counsel correct that this is likely to go to the appellate division afterwards? Or is it going to go to the Supreme Court? Well, if the the if the case has to come back to this court based upon further findings and it would it would have to come back through the appellate division. But if the superior court then after conducting the evidentiary hearing decides that it to deny the habeas, then that would be appealed to the Supreme Court. Is that true if they came if they said, here's our this is the evidentiary record and we and we want it and we deny habeas? I mean, the fact that they take a step and issue a ruling, is that the thing that's going to determine where it goes? Because that that would then if habeas is denied at that point, that would be a final order. And the four B.I.C. 32A would go to the Supreme Court on appeal. Well, that's the very question, right? That very question is, does the does the superior court does the superior court get to decide by the way it frames its order, which route it goes, whether it goes to the B.I. Supreme Court or back to the appellate division? Or is or is that a function of what we determine our remand was? If we determine it was a record remand and not a case remand, right, then it's got to come back to us. Right. Yes. I mean, through the appellate division and potentially back to us. Yes, Your Honor. So the question isn't really whether this superior court chooses to issue an order that says habeas denied or not. The question is whether, in our view, what we did was a record remand or a case remand. Am I correct about that? Yes, Your Honor. OK, good. Thank you. That's helpful. What is the status of the evidentiary hearing? Where is the committee? Could you speak a little louder? Oh, I'm sorry, Judge Roth. Just was just asking what is the status of the evidentiary hearing and the appointment of counsel? The status of the hearing is we're in discovery. And with respect to appointment of counsel, Judge Francois has offered to appoint Attorney DeRuzzo as counsel on a couple of occasions and status conferences. And he has made it known to the to the superior court, Judge Francois, that if this appeal is not successful, he will withdraw from the case. So Attorney DeRuzzo is in the case for the time being, but a lot depends on how this court rules. And he can answer that more directly. Thank you. Has there been any claim that failure to adequately pay appointed counsel is in and of itself a denial of appointment of counsel? There's been no claim in this particular appeal that that that's been brought by counsel in this case, Your Honor. So the issue then is not the inadequacy, which would be a denial of counsel, but but a weighing of who pays better. And should the courts really get into that issue? Well, this is just the crux of our response on appeal is that this is it's not something for this court to get involved in, and that that we are confident that whether this whether the territory pays or whether the federal government pays, the efforts of defense counsel or appellant's counsel to speak to this further would be the same. Any other questions, Judge Roth? No further. All right. Thank you, Your Honor. Thank you, Mr. Clement. Later. Your Honor, could you just answer the same question about the status of. Yes. So in the Superior Court, they would not stay the case or I believe this court wouldn't issue an order to stay in the case. So it is proceeding in discovery. There was a motion to compel production of evidence. That was the administrative record of both appellant and the the accomplice from back in 1994, who was the subject of the potential Brady violation. And it became apparent what the Superior Court granted the motion to compel. And the government provided sworn affidavits. The search was conducted and everywhere they would think to look. And not only is some evidence missing, all of it's gone. So there is an outstanding motion for sanctions based on spoliation of the evidence. And that actually underscores the importance of the issue here to appellate, because assuming prevails and has to get a new trial. But even in the habeas proceedings, this is going to be a momentous amount of effort to get off island depositions to. Yeah, there's going to be an extraordinary amount of cost that will have to be provided by some governmental entity to uphold appellant's rights. Is Mr. Clement correct that your firm's position, Mr. DeRouza's position is if I if I if I not pay it under the CJA, I'm withdrawing. I'm out of the case. That's correct, because he's not on the local level panel. He's on the territorial panel. Well, so a point of counsel might be provided, but it won't be Mr. DeRouza. Well, no. Well, when you say it won't be Mr. DeRouza, that's not what I mean. I'm not hearing that he that the government's not willing to appoint him. Judge Francois said, I'll appoint you. What it sounds like is from what I'm hearing is Mr. DeRouza saying, if I'm not sure if I'm not getting paid out of the sure bucket, the better bucket, which is apparently what's going on here, the federal government will pay more timely or pay more and it'll cover more things than I'm out. Is that the is that the practicality of it? I believe so. But to go back to why Smith Bay does not apply. The issue of law is assume whether or not it was Mr. DeRouza or another local level appointed counsel. The issue would be the claim would be that the local Virgin Islands government is underfunded the needs of the litigation, which would go up on a review even following this track to eventually this court. It would be an abuse of discretion standard under local law because that's where the appointment came from. And it would not be analyzed under the CJA or section 1915 standards. And the question of law will never be answered, which is why this unique design takes it out of the umbrella of Smith Bay. There has been no claim made that the Virgin Islands appointment of counsel system is so underpaid, so improvident that it amounts to a denial of counsel. Is that correct? No, that's correct. It's not been claimed that it amounts to a denial of counsel. It's only been framed as the fact that these are different questions. There's a law that different practicalities follow. And so and I don't believe it's in the record whether or not the Virgin Islands has a policy of reducing costs and fees awarded. But I don't believe it's necessary for this court to conclude that Smith Bay does not apply because it's a very unique system. This isn't the same scenario that would occur in Smith Bay, where even though you might have to wait a long, long time to get a new trial and to say, you know, disqualification of counsel or failure to appoint counsel entitles me entitles me to a new trial. That is the same question that's being answered in Smith Bay context, whereas here we're asking for appointment under the CJA or section 1915. And that question won't arise if there's appointment under VI, even if they're similar. The point is, they are not the same. They're not interchangeable. There are two different bodies of law and one will be answered on appeal and one will not. So, but even though they're not the same, there is no allegation that one is inadequate to amount to appointment of counsel. Right. Correct. No one has ever asserted that one is so bad that it's absolute denial of counsel, even if used. OK, I think we've got your argument. Thank you, Mr. Later. We've got the case under advisement.